

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> vs. § <br> § <br> TERRENCE VERNON DUNLAP, § <br> Defendant. § | Criminal Action No.: 3:17-00811-MGL-13 |

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR JUDGMENT OF AQUITTAL

Pending before the Court is Defendant Terrence Vernon Dunlap's (Dunlap) motion for judgment of acquittal. Dunlap is represented by counsel. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Dunlap's motion for judgment of acquittal will be denied.

Dunlap was charged, along with others, in a multi-count drug indictment which specifically charged Dunlap with Conspiring to Possess with Intent to Distribute five kilograms or more of cocaine and 100 grams or more of heroin (Count 1), using a telephone to facilitate a drug trafficking offense (count 21), and possession with intent to distribute cocaine base (Count 49). Dunlap proceeded to trial and, on August 21, 2019, a federal jury convicted Dunlap on all charges.

Dunlap now moves for judgment of acquittal, under Rule 29(c). He contends the government failed to present sufficient proof from which any rational juror could conclude Dunlap was guilty beyond a reasonable doubt.

A Rule 29(c) motion requires a court to determine whether, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The Fourth Circuit has held uncorroborated testimony of a single witness—even one who is an accompliace, co-defendant, or informant—sufficient to meet this standard. *See, e.g.*, *United States v. Manbeck*, 744 F.2d 360, 392 (4th Cir. 1984) ("[T]he law in this Circuit is well settled that uncorroborated testimony of an accomplice may be sufficient to sustain a conviction"). Here the evidence admitted in support of each count met the standard.

In support of Dunlap's conviction on Count 1, Special Agent Jason Greenan testified agents intercepted numerous calls between Dunlap and his co-defendant, Santerrio Smith (Smith), during which it appeared Dunlap was Smith's "right hand man" in Smith's drug business. At trial, the government played several of these calls, include the one quoted below in support of Count 21.

Additionally, several co-defendants testified about the relationship between Dunlap and Smith, and specifically about the role Dunlap played in the drug conspiracy. For instance, co-defendant Kevin Myers (Myers) testified he would deliver cocaine from Smith to Dunlap so Dunlap could cook the cocaine into crack cocaine; once cooked, Myers would take most of the crack cocaine back to Smith and sell the remaining crack himself.

Co-defendant Stacey Fuller (Fuller) testified Smith would give cocaine to Dunlap so Dunlap could cook the cocaine into crack. Fuller further testified he had seen Dunlap cook the crack on at least one occasion.

Co-defendant Elijah Davis (Davis) testified, at one point during the conspiracy, Davis was responsible for storing and delivering drugs for Smith. When Davis was arrested and required to wear an ankle monitor, however, he could not longer store and deliver the drugs without detection.

2

Nonetheless, Davis continued to receive drugs from Smith, by placing and order with Smith and having the drugs delivered by Dunlap.

Finally, co-defendant Kevin Mullins testified he delivered drugs to Smith on behalf of co-defendant Glenn Pernell, and on at least one occasion, Dunlap was present during a delivery.

In support of the conviction on Count 231, the government played a call intercepted on April 5, 2017, between Dunlap and Smith. During the call, Smith told Dunlap, "send on and half, and two things ready, man. That will be the whole big . . . You gave Bald Head two, right?" Dunlap responded, "I sent Bald Head with two zip." Additionally, the jury heard evidence a "big" is an eight of a kilogram of cocaine and a "zip" is an ounce of cocaine.

In support of the conviction on Count 49, the government introduced the testimony of Corporal Joseph Richburg (Richburg) of the Columbia Police Department. Richburg testified on June 1, 2017, he and other officers conducted surveillance at the Glass Manor motel, a business frequently used by drug dealers to distribute drugs. During the surveillance, officers witnessed tow known drug dealers, Ronald Smith (Ronald) and Ronnie Smith (Ronnie), exit a motel room and walk south to the parking lot of an apartment building at 5812 Main Street, where they entered an occupied black BMW. Ronnie Smith returned to the motel, while Ronald remained in the car.

The officers testified, based on their experience, they believed they had observed a drug transaction between the Smiths and the driver of the car. Based on their observations, Richburg and another officer, Sergeant Moody, approached the vehicle. Richburg approached the driver, who he later identified as Dunlap, and directed Dunlap to keep his hands visible. Through the driver's side window, Richburg observed Dunlap clenching a plastic bag in his right hand and a large sum of money in his left hand and lap. Dunlap, failing to comply with Richburg's command, attempted to reach under the seat with his right hand. Richburg told Dunlap to get his hand up,

and when Dunlap failed to comply, reached in and secured Dunlap's hand for officer safety. As he did, Dunlap released the plastic bag into Richburg's hand. The bag contained several pieces of crack cocaine, totaling 10.791 grains. In a subsequent search of the vehicle, officers found an additional 7.4 grams of crack cocaine.

The evidence above, for each of the three counts, when viewed in the light most favorable to the government, is sufficient for a rational trier of fact to have found Dunlap guilty beyond a reasonable doubt.

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Davis's motions for judgment of acquittal is **DENIED.**

**IT IS SO ORDERED.**

Signed this 2nd day of December, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
